1

2

3

4

5           UNITED STATES DISTRICT COURT

6          EASTERN DISTRICT OF WASHINGTON

7   VANESSA INGHAM,

8                    Plaintiff,              NO: 12-CV-0223-TOR

9        v.                                  ORDER GRANTING DEFENDANT'S
                                             MOTION FOR SUMMARY
10  CAROLYN W. COLVIN, Acting                JUDGMENT
    Commissioner of Social Security
11  Administration,

12                   Defendant.

13

14       BEFORE THE COURT are the parties' cross motions for summary

15  judgment (ECF Nos. 16 and 19).  Plaintiff is represented by Jeffrey Schwab.

16  Defendant is represented by Carol A. Hoch.  This matter was submitted for

17  consideration without oral argument.  The Court has reviewed the administrative

18  record and the parties' completed briefing and is fully informed.  For the reasons

19  discussed below, the Court grants Defendant's motion and denies Plaintiff's

20  motion.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g); 1383(c)(3).

STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i);

1    416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the

2    Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

3    404.1520(b); 416.920(b).

4        If the claimant is not engaged in substantial gainful activities, the analysis

5    proceeds to step two.  At this step, the Commissioner considers the severity of the

6    claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii).  If the

7    claimant suffers from "any impairment or combination of impairments which

8    significantly limits [his or her] physical or mental ability to do basic work

9    activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c);

10   416.920(c).  If the claimant's impairment does not satisfy this severity threshold,

11   however, the Commissioner must find that the claimant is not disabled.  *Id.*

12       At step three, the Commissioner compares the claimant's impairment to

13   several impairments recognized by the Commissioner to be so severe as to

14   preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§

15   404.1520(a)(4)(iii); 416.920(a)(4)(iii).  If the impairment is as severe or more

16   severe than one of the enumerated impairments, the Commissioner must find the

17   claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d); 416.920(d).

18       If the severity of the claimant's impairment does meet or exceed the severity

19   of the enumerated impairments, the Commissioner must pause to assess the

20   claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

1    defined generally as the claimant's ability to perform physical and mental work

2    activities on a sustained basis despite his or her limitations (20 C.F.R. §§

3    404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the

4    analysis.

5         At step four, the Commissioner considers whether, in view of the claimant's

6    RFC, the claimant is capable of performing work that he or she has performed in

7    the past ("past relevant work").  20 C.F.R. §§ 404.1520(a)(4)(iv);

8    416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the

9    Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

10   404.1520(f); 416.920(f).  If the claimant is incapable of performing such work, the

11   analysis proceeds to step five.

12        At step five, the Commissioner considers whether, in view of the claimant's

13   RFC, the claimant is capable of performing other work in the national economy.

14   20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v).  In making this determination,

15   the Commissioner must also consider vocational factors such as the claimant's age,

16   education and work experience.  *Id.*  If the claimant is capable of adjusting to other

17   work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

18   404.1520(g)(1); 416.920(g)(1).  If the claimant is not capable of adjusting to other

19   work, the analysis concludes with a finding that the claimant is disabled and is

20   therefore entitled to benefits.  *Id.*

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c); 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff filed applications for disability insurance benefits and supplemental security income disability benefits on May 11, 2007, alleged a disability onset date of September 6, 2006. Tr. 155-57. These applications were denied initially and upon reconsideration, and Plaintiff requested a hearing. Tr. 70-76, 78-80, 83-84, 86-87. A hearing was held before an Administrative Law Judge on February 23, 2010. Tr. 23. The ALJ rendered a decision denying Plaintiff benefits on March 23, 2010. Tr. 23-32.

The ALJ found that Plaintiff met the insured status requirements of Title II of the Social Security Act through June 30, 2007. Tr. 25. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 6, 2006, the alleged onset date. Tr. 25. At step two, the ALJ found that Plaintiff had a severe impairment consisting of diabetes. Tr. 25. At step three, the ALJ found that Plaintiff's severe impairment did not meet or medically equal a listed

impairment.  Tr. 25.  The ALJ then determined that Plaintiff had the residual

functional capacity to:

> Perform the full range of medium work as defined in 20 CFR
> 404.1567(c) and 416.967(c) except to engage in a restricted range of
> environmental limitations of avoiding extreme cold, extreme heat,
> extreme wetness, vibration and fumes, odors dusts, gases and poor
> ventilation; and work within an environment of unlimited humidity,
> noise, and unprotected heights and around hazardous machinery.

Tr. 26-27.  At step four, the ALJ found that Plaintiff was able to perform her past

relevant work as a stock supervisory clerk.  Tr. 31.  In light of this finding, the ALJ

concluded that Plaintiff was not disabled under the Social Security Act and denied

her claims on that basis.  Tr. 31-32.

The Appeals Council denied Plaintiff's request for review on August 1,

2012, making the ALJ's decision the Commissioner's final decision for purposes

of judicial review.  Tr. 1-7; 20 C.F.R. §§ 404.981, 416.1484, and 422.210.

## ISSUES

Plaintiff raises two issues for review:

1. Whether the ALJ erred at step two in finding that Plaintiff's diabetic

   neuropathy, anxiety disorder, depression and borderline personality

   disorder were not severe impairments; and

2. Whether the ALJ erred at step four.

ECF No. 17 at 2-7.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

DISCUSSION

**A. Step Two Challenge**

At step two, an ALJ must determine whether a claimant suffers from one or more severe impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). An impairment (or combination of impairments) is "severe" within the meaning of the Commissioner's regulations if it "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c); 416.920(c). Any physical or mental impairment, whether severe or non-severe, "must be established by medical evidence consisting of signs, symptoms, and laboratory findings" and "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. §§ 404.1508, 404.1509; 416. 908, 416.909.

Here, Plaintiff contends that the ALJ erred in deeming her diabetic neuropathy, anxiety disorder, depression and borderline personality disorder non-severe impairments. She further contends that the ALJ erred in failing to call a medical expert to testify about whether her mental impairments met or medically equaled a Listing. *See* ECF No. 17 at 6 ("[W]ithout a medical expert to testify, there is no way to assess the severity of the impact of these conditions on her ability to work.").

At step two, the ALJ found that Plaintiff had a single severe impairment: diabetes. Tr. 25. Based upon his review of Plaintiff's medical records, the ALJ

found that Plaintiff's additional medically-determinable impairments, consisting of depression, anxiety and borderline personality disorder, "have no more than a minimal effect on her ability to perform basic work activities and hence are not severe impairments as defined in the regulations." Tr. 26.  In reaching this finding, the ALJ noted that Plaintiff (1) responded well to medication which had been prescribed to treat these conditions; (2) performed satisfactorily on a mental status examination performed by Dr. Thomas Rowe; (3) did not pursue psychotherapeutic treatment for her anxiety; (4) declined an opportunity to participate in counseling for her depression; (5) was able to effectively care for her young children despite her alleged symptoms; and (6) had never requested or received psychiatric treatment.  Tr. 26.  The ALJ further noted that there was no documented evidence of limitations in concentration, persistence and pace, in activities of daily living, or in social functioning.  Tr. 26.

The ALJ erred in relying upon the absence of counseling and psychiatric treatment as a basis for finding Plaintiff's mental health impairments non-severe. *See Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996) (claimant's failure to seek treatment for depression is not a substantial basis upon which to conclude that the impairment is non-severe).  This error was harmless, however, because substantial evidence supports the ALJ's finding that that Plaintiff was responding well to her prescribed medications.  Tr. 57-58, 250, 347, 419.  The ALJ did not err

1    in relying upon this evidence as a basis for finding Plaintiff's mental impairments

2    non-severe.  *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th

3    Cir. 2006) ("Impairments that can be controlled effectively with medication are not

4    disabling for the purpose of determining eligibility for SSI benefits.").

5         In addition, the Court is not persuaded that the ALJ erred in failing to find

6    Plaintiff's diabetic neuropathy severely disabling.  Although the ALJ did not

7    specifically address this impairment at step two, substantial evidence supports his

8    conclusion that Plaintiff's diabetic neuropathy did not adversely affect her ability

9    to work.  *See* Tr. 27-31.  Here again, Plaintiff's medical records reflect that her

10   diabetic neuropathy symptoms respond well to medication.  Tr. 250, 308.  These

11   records further indicate that, even when Plaintiff stops taking her medications, her

12   diabetic neuropathy symptoms are "nothing that she cannot tolerate."  Tr. 257.

13   Thus, the ALJ did not err in finding that Plaintiff's diabetic neuropathy was a non-

14   severe impairment.  *Warre*, 439 F.3d at 1006.

15        Finally, the ALJ did not err by failing to call a medical expert to testify at the

16   hearing about "the severity of the impact of [Plaintiff's mental impairments] on her

17   ability to work."  ECF No. 17 at 6.  In determining whether an impairment or

18   combination of impairments medically equals a Listing at step three, an ALJ must

19   consider "all evidence in [the claimant's] case record about [his or her]

20   impairments," as well as "the opinion given by one or more medical or

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

psychological consultants designated by the Commissioner."  20 C.F.R. §§ 404.1526(c); 416.926(c).  "A medical or psychological consultant designated by the Commissioner includes any medical or psychological consultant employed or engaged to make medical judgments by the Social Security Administration . . . or a State agency authorized to make disability determinations."  20 C.F.R. §§ 440.1526(d); 416.926(d).  "A psychological consultant used in cases where there is evidence of a mental impairment must be a qualified psychologist."  *Id.*  Here, the ALJ properly relied upon the opinions of qualifying medical and psychological consultants that Plaintiff's diabetic neuropathy and mental impairments posed no significant limitations on her ability to work.  Tr. 315, 321, 326, 327, 337.  No live testimony on this issue was required.

## B. Step Four Challenge

Plaintiff's second argument in favor of remand reads as follows:

The hypothetical questions from an Administrative Law Judge must propound a hypothetical question which includes all of the claimant's functional limitations.  Given that there was no medical expert testimony to assess the severity of the diabetic neuropathy and the mental health impairments, along with the migraines, the Administrative Law Judge was not able to formulate proper vocational hypothetical questions which accurately reflect all of her impairments, combined.  Therefore, the vocational hypotheticals necessarily fall short of what is legally required.

ECF No. 17 at 7 (internal citation omitted).  This argument is puzzling because the ALJ found that Plaintiff could perform past relevant work at step four.  Tr. 31.  The

1    ALJ did not proceed to step five of the sequential evaluation process and therefore

2    did not need to ask hypothetical questions of the vocational expert.  Indeed, at the

3    hearing the ALJ expressly declined to ask the vocational expert a hypothetical

4    about Plaintiff's ability to perform other work in the national economy.  Tr. 61.

5    Although the ALJ relied upon the vocational expert's testimony in determining

6    whether Plaintiff could perform past relevant work, *see* Tr. 59-61, he did not ask

7    any "hypothetical" questions based upon the Plaintiff's RFC.  Thus, any challenge

8    to the adequacy of the ALJ's hypothetical questions is unavailing.

9         In an abundance of caution, the Court will assume that Plaintiff intended to

10   argue that the RFC does not appropriately reflect all of her physical and mental

11   limitations.  The Commissioner's regulations require an ALJ to consider all of a

12   claimant's medically determinable impairments—both severe and non-severe—in

13   fashioning an RFC.  20 C.F.R. §§ 404.1545(a)(2); 416.945(a)(2); *see also* SSR 96-

14   8p ("In assessing RFC, the adjudicator must consider limitations and restrictions

15   imposed by all of an individual's impairments, even those that are not 'severe.'").

16   In the instant case, the ALJ did not address the limiting effects of Plaintiff's non-

17   severe mental impairments when fashioning the RFC.  This was error.

18        Nevertheless, the error was harmless.  As an initial matter, Plaintiff bore the

19   burden of proving that she was unable perform past relevant work at step four.

20   *Lockwood*, 616 F.3d at 1071.  As Defendant correctly notes, there is no evidence

1    that Plaintiff's mental impairments impacted her ability to work.  To whatever

2    extent Plaintiff was suffering from depression, anxiety and borderline personality

3    disorder, there is no evidence that her ability to work suffered as a result.  Plaintiff

4    simply failed to carry her burden on this issue.

5         Moreover, as discussed above, the record establishes that Plaintiff's mental

6    impairments were adequately controlled by medication, that she "performed

7    satisfactorily" on a mental status exam, and that she was found to have no

8    functional limitations on her activities of daily living, social functioning, and

9    ability to maintain concentration, persistence and pace.  Tr. 250, 326, 337, 347,

10   419.  Indeed, when asked by her attorney about the limiting effects of her mental

11   health conditions, Plaintiff mentioned only her anxiety—and explained that her

12   symptoms were responding well to medication.  Tr. 57-58.  In light of this

13   evidence, the Court concludes that any error committed by the ALJ in fashioning

14   Plaintiff's RFC was "inconsequential to the ultimate nondisability determination."

15   *Molina v. Astrue*, 674 F.3d 1115.  Defendant's motion for summary judgment is

16   therefore granted.

17   **IT IS HEREBY ORDERED:**

18        1.  Defendant's Motion for Summary Judgment (ECF No. 19) is

19            **GRANTED**.

20        2.  Plaintiff's Motion for Summary Judgment (ECF No. 16) is **DENIED**.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

1    3.  The hearing on the parties' cross-motions for summary judgment

2       currently scheduled for May 19, 2014, is **VACATED**.

3       The District Court Executive is hereby directed to file this Order, enter

4    Judgment for Defendant, provide copies to counsel, and **CLOSE** the file.

5       **DATED** September 29, 2013.

6    

7                          THOMAS O. RICE
                        United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14